UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS LEVERN PENNY,<br><br>Plaintiff,<br><br>v.<br><br>GREGORY J. AHERN,<br><br>Defendant. | Case No. 19-cv-06307-EMC<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND**<br><br>Docket Nos. 1, 3 |

## I. INTRODUCTION

Louis Levern Penny, an inmate at the Santa Rita Jail in Alameda County, filed this *pro se* civil rights action under 42 U.S.C. § 1983. His complaint is now before the Court for review under 28 U.S.C. § 1915A. His motion for appointment of counsel is also before the Court for consideration.

## II. BACKGROUND

Mr. Penny alleges in his complaint that, on May 4, 2018, an inmate in an adjoining cell at the Santa Rita Jail showed him "rat feces meticulously placed between the bread" on a food tray. Docket No. 1 at 4. He further alleges that Gregory Ahern is in charge of the jail; lieutenant Clippinger, lieutenant McComas, and deputy Procopio took part in denying Mr. Penny's inmate appeal about the problem; officer Hayes "witness[ed] unsanitary food trays"; officer Garcia took a picture of the food tray; and officer Nelson said that "a sergeant [is] not coming out for that and personally handled the food tray containing the rat feces." *Id.* at 5.

///

///

**III. DISCUSSION**

A. Review of Complaint

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).[1] A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

Mr. Penny's complaint does not allege facts sufficient to state a plausible claim for a violation of a right secured by the Constitution or laws of the United States by any defendant. Leave to amend is granted so that Mr. Penny may file an amended complaint that proffers enough facts to state a claim for relief that is plausible on its face. Mr. Penny is cautioned that he must provide a full statement of his claims in his amended complaint. The Court will not read through

---

[1] This requirement that the pleader allege enough facts to state a claim to relief that is plausible on its face stems from the rule that a complaint must allege "a short and plain statement of the claim showing that the pleader is entitled to relief," as required by Federal Rule of Civil Procedure 8(a)(2) "Specific facts are not necessary; the statement need only . . . give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations and internal quotation marks omitted).

2

exhibits to the complaint or amended complaint to piece together a claim for a plaintiff.

<u>Due process claim – conditions of confinement</u>: The Due Process Clause of the Fourteenth Amendment protects a pretrial detainee from the use of force that amounts to punishment. *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989) (citing *Bell v. Wolfish*, 441 U.S. 520, 535-39 (1979). To state a due process claim that a defendant was deliberately indifferent to a pretrial detainee's health or safety needs, a plaintiff must allege facts showing these elements:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries."

*Gordon v. County of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018). For the third element, the defendant's conduct must be objectively unreasonable, "a test that will necessarily 'turn[] on the facts and circumstances of each particular case.'" *Id.* (alteration in original) (quoting *Castro*, 833 F.3d at 1071). "[T]he plaintiff must 'prove more than negligence but less than subjective intent— something akin to reckless disregard." *Id*. (quoting *Castro*, 833 F.3d at 1071).

Mr. Penny's allegation that he once saw rodent droppings on a food tray does not describe a condition sufficiently serious to show that he was put "at substantial risk of suffering serious harm." *Gordon*, 888 F.3d at 1125. As the Ninth Circuit has explained, "[t]he fact that the food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation." *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993); *cf. Balcar v. Smith*, 2017 WL 3613479, at * 2 (6th Cir. 2017) ("Isolated exposure to foreign bodies in food, including those of rodents and insects, does not constitute an Eighth Amendment violation."); *Tucker v. Rose*, 955 F. Supp. 810, 816 (N.D. Ohio 1997) ("The occasional presence of a rodent is insufficient to establish the objective component of an Eighth Amendment claim, which requires that a deprivation be sufficiently serious").. "The circumstances, nature, and duration of a deprivation of [life's] necessities must be considered in determining whether a constitutional violation has occurred." *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000); *see,*

3

*e.g., Sain v. Wood*, 512 F.3d 886, 894 (7th Cir. 2008) ("a prolonged pest infestation, specifically a significant infestation of cockroaches and mice, may be considered a deprivation sufficient to constitute a due process violation"); *id.* at 894 (no reasonable jury could find a due process violation where inmate reported often seeing cockroaches in his cell over six years of confinement during which exterminators regularly visited his cell in response to his complaints). While a chronic rodent infestation would show a sufficiently serious condition, the infrequent discovery of rodent droppings is a different matter. The complaint here describes an infrequent problem and does not state a due process claim. Leave to amend is granted so that Mr. Penny may allege facts, if he has them, to show that the problem was anything more than an infrequent discovery of rodent droppings on the food trays. Moreover, absent physical injury, Mr. Penny may be limited in the relief he can obtain. *See* 42 U.S.C. § 1997e(e).

Inmate appeals: Any mishandling of, or failure to grant, Mr. Penny's inmate appeals does not amount to a due process violation. There is no federal constitutional right to a prison administrative appeal or grievance system for California inmates. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) (prison grievance procedure is procedural right that does not give rise to protected liberty interest requiring procedural protections of Due Process Clause); *Smith v. Noonan*, 992 F.2d 987, 989 (9th Cir. 1993). Jail officials are not liable for a due process violation for simply failing to process an appeal properly or failing to find in Mr. Penny' favor. The claim against defendants for regarding their handling of Mr. Penny's inmate appeal is dismissed without leave to amend.

Linking defendants: In his amended complaint, Mr. Penny must be careful to allege facts showing the basis for liability for each individual defendant. He should not refer to them as a group (e.g., "the defendants"); rather, he should identify each involved defendant by name and link each of them to his claim by explaining specifically what each defendant did or failed to do that caused a violation of his constitutional rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendant under § 1983 only if plaintiff can show that defendant proximately caused deprivation of federally protected right). A supervisor

4

1 may be liable under § 1983 upon a showing of (1) personal involvement in the constitutional

2 deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and

3 the constitutional violation. *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011).

B. Request for Counsel

Mr. Penny has requested that counsel be appointed to represent him in this action. A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See id.* Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under § 1915(e)(1). Exceptional circumstances are not present at this time because Mr. Penny has been able to adequately describe the facts in support of his claim and there does not appear to be a likelihood of success on the merits. Mr. Penny's request for appointment of counsel to represent him in this action therefore is **DENIED**. Docket No. 3.

## IV. CONCLUSION

For the foregoing reasons, the complaint is dismissed with leave to amend. Mr. Penny's amended complaint must be filed no later than **May 1, 2020**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Mr. Penny is cautioned that his amended complaint must be a complete statement of his claims. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) ("For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal. But for any claims voluntarily

///
///
///
///
///

5

dismissed, we will consider those claims to be waived if not repled.") Failure to file the amended complaint by the deadline will result in the dismissal of all defendants and claims except the excessive force claim against deputy Pereira.

Plaintiff's motion for appointment of counsel is **DENIED**. Docket No. 3.

**IT IS SO ORDERED**.

Dated: March 16, 2020

_____
EDWARD M. CHEN
United States District Judge